O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALICIA N. BRENT, | ) | NO. EDCV 09-519-MAN |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On March 12, 2009, plaintiff filed a Complaint seeking review of the denial by the Social Security Commissioner ("Commissioner") of her application for disability benefits. On April 14, 2009, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on December 8, 2009 ("Joint Stip."), in which: plaintiff seeks an order reversing the Commissioner's decision and remanding for the correction of legal errors and factual errors and defendant seeks an order affirming the Commissioner's decision. The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On November 28, 2005, plaintiff filed an application for disability insurance benefits.[1] (Administrative Record ("A.R.") 140.) Plaintiff claims to have been disabled since June 17, 2005, due to a neck and back injury that has resulted in continuing pain (*id.*) and also due to depression (A.R. 170). The Commissioner denied plaintiff's claim for benefits initially and upon reconsideration. (A.R. 112-13, 116-21.) On January 31, 2008, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Joseph D. Schloss ("ALJ"). (A.R. 89-105.) On February 29, 2008, the ALJ denied plaintiff's application for benefits. (A.R. 353-61.) Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council, and new evidence was submitted to the Appeals Council in support of her claim. The Appeals Council considered the new evidence and denied the request for review. (A.R. 1-4.)

Plaintiff previously has been granted disability benefits. She applied for disability benefits on December 12, 2001, claiming disability based on a neck and back injury. (A.R. 353.) The Commissioner denied plaintiff's application initially and upon reconsideration. (A.R. 108.) On June 25, 2001, Administrative Law Judge Mason D. Harrell granted plaintiff benefits for a closed period of disability from May 31, 2001, until February 13, 2003. (A.R. 108-10.)

---

[1] While there are various references to an application for a *period* of disability (A.R. 4, 353), there is no discussion of any limited period during which plaintiff was disabled. In her Field Office Disability Report, plaintiff stated "no" in response to a question asking whether or not she was filing a closed period case. (A.R. 135.)

### SUMMARY OF ADMINISTRATIVE DECISION

In his February 28, 2008 written decision, the ALJ found that plaintiff had engaged in substantial gainful activity during the period at issue; however, he declined to end the inquiry at this step and proceeded with the sequential evaluation.  (A.R. 356.)  The ALJ determined that plaintiff has the "severe" impairments of acute exacerbation of chronic cervical disc disease and chronic pain syndrome (A.R. 356), but she does not have any impairment or combination of impairments that meet or "medically equal" one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4 (A.R. 357-58).  The ALJ found that plaintiff's mood disorder is not severe.  (A.R. 356-57.)

In determining plaintiff's residual functional capacity ("RFC"), the ALJ relied on the opinion of State agency review physicians[2] and stated that plaintiff has the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except she is limited to occasionally climbing, bending, stooping, kneeling, crouching, crawling and reaching overhead.  She should avoid concentrated exposure to extreme cold and vibrations.

(A.R. 358, 360.)

---

[2]   The report was issued by John Meek, M.D., and was affirmed by Diane Rose, M.D.  (A.R. 196-203, 289-91.)

The ALJ weighed plaintiff's subjective complaints in view of the state agency physician's report.  He found that her "complaints about a disabling level of pain are not credible and are not reasonably supported by objective medical evidence."  (A.R. 360.)  The ALJ based this finding on the facts that plaintiff had been receiving effective pain treatments, admitted she could lift 10-15 pounds and walk one block, and was able to perform various physical activities.  (*Id.*)

The ALJ found that plaintiff is capable of performing her past relevant work as a "teller or bank assistant, a supervisor of cashiers, a new accounts clerk, or as a receptionist."  (A.R. 361.)  His finding was based upon the testimony of the vocational expert that plaintiff's past work involved "sedentary or light work" and that an individual with "claimant's residual functional capacity could perform the tasks and duties" of such work.  (*Id.; see also* A.R. 103-04.)

Accordingly, the ALJ concluded that plaintiff was not disabled, as defined in the Social Security Act, from June 17, 2005, through the date of his decision.  (A.R. 361.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than

4

a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); see also Burch, 400 F.3d at 679.

5

1

**DISCUSSION**

2

3        Plaintiff alleges the following issue:   whether the Commissioner

4   properly considered Dr. Steiger's examining opinion.   (Joint Stip. at

5   4.)

6

7   **I.    The Opinion Of Dr. Steiger Was Not Properly Considered By The**

8        **Appeals Council**.

9

10        The opinion of Dr. Ralph N. Steiger, M.D., which is at issue here,

11   is dated March 9, 2005, and thus, it preceded the ALJ's February 2008

12   decision.   (A.R. 321-30.)   Dr. Steiger, an examining physician, opined

13   that plaintiff has "spondylosis . . . with questionable nonunion" and

14   "status post anterior cervical discectomy and fusion at multiple

15   levels"; he also opined that plaintiff's functional limitations include

16   repetitive neck movement, heavy pushing or pulling, and prolonged upward

17   or downward gaze.   (A.R. at 327-28.)   He confirmed these findings on

18   April 20, 2005; January 10, 2006; and June 21, 2006.   (A.R. 331-43.)

19

20        Dr. Steiger's opinion was not presented to the ALJ, although

21   plaintiff gives no reason for failing to submit it.   The state agency

22   physician reports, on which the ALJ relied in making his decision

23   concerning plaintiff's RFC, do not include the limitations found by Dr.

24   Steiger and concluded that plaintiff was capable of light work activity

25

26

27

28

6

with occasional limitations including climbing, balancing, stooping, kneeling, crouching, crawling, and overhead reaching.[3]  (A.R. 197-200.) Thus, the hypothetical that the ALJ posed to the vocational expert included limitations assessed by the state agency physician reports but did not include all the limitations set forth in Dr. Steiger's belatedly-submitted opinion.[4]

Plaintiff first presented Dr. Steiger's opinion to the Appeals Council.  The Appeals Council is required to consider new evidence submitted to it if it relates to the period before the ALJ's decision and if it changes the weight of the evidence in the record.  20 C.F.R. § 404.970(b).  The Appeals Council considered Dr. Steiger's opinion and summarily dismissed it, stating only:  "We found that [the additional medical evidence from Dr. Steiger] does not provide a basis for changing the Administrative Law Judge's decision."[5]  (A.R. 2.)

///

///

///

///

---

[3]    The state agency physician also noted that plaintiff must avoid concentrated exposure to extreme cold and vibration.  (A.R. 200.)

[4]    The portion of the hypothetical at issue reads:  "So if in fact . . . that person . . . . [c]an occasionally climb, including ladders. Can occasionally bend and stoop, occasional[ly] kneel, occasional[ly] crouch, occasional[ly] crawl, and occasional[ly engage in] overhead reaching.  Should avoid moderate exposure to extreme colds and vibrations.  Would that person be able to do any of the past relevant work of this claimant?"  (A.R. 104.)

[5]    The Appeals Council did, however, give a reason for rejecting other medical evidence.  Evidence from the Rancho Family Medical Group was not considered, because it was dated July 22, 2008, through August 27, 2008, dates well after the February 29, 2008 decision of the ALJ.  (A.R. 2.)

1      **A.   Judicial Review Of The Appeals Council's Denial Of Plaintiff's**
2           **Request For Review Is Proper.**

3

4           Citing 42 U.S.C. § 405(g), the Commissioner contends that the
5      district court may not review the denial of review by the Appeals
6      Council.  The Commissioner asserts that: "Plaintiff is not entitled to
7      judicial review of the Appeals Council's denial of her request to review
8      the ALJ's decision.  Judicial review is limited to whether the
9      Commissioner's final decision (i.e., the ALJ's decision) is supported by
10     substantial evidence." (Joint Stip. at 10.)  The Commissioner rests his
11     argument on Judge Rymer's concurrence in an unpublished Ninth Circuit
12     decision, in which she states that "the effect of § 405(g) on
13     consideration of evidence not presented to the ALJ remains [an] open
14     [question in the Ninth Circuit]." Angst v. Astrue, 351 Fed. Appx. 227,
15     229, 2009 WL 3602018 (9th Cir. Nov. 3, 2009)(Rymer, J., concurring).
16     The Commissioner urges, as suggested by Judge Rymer, that this Court
17     follow the Seventh Circuit's approach in Eads v. Sec'y of DHHS, 983 F.2d
18     815, 817 (7th Cir. 1993), and hold that, "when the decision being
19     reviewed is the decision of the ALJ, '[t]he correctness of that decision
20     depends on the evidence that was before him.'" (Joint Stip. at 11,
21     *quoting* Angst, 351 Fed. Appx. at 230 (citation omitted).)[6]  Additionally,
22     the Commissioner emphasizes that plaintiff has not offered any reason
23     "for not submitting the evidence [Dr. Steiger's opinion] earlier."
24     (Joint Stip. at 11.)

25     _____

26     [6]    In her concurrence, Judge Rymer acknowledged that, in Ramirez v.
       Shalala, 8 F.3d 1449 (9th Cir. 1993), the Ninth Circuit considered new
27     evidence presented to the Appeals Council, but she distinguished Ramirez
       on the ground that the Commissioner had not argued against the
28     consideration of such new evidence. Angst, 351 Fed. Appx. at 229.

In _Ramirez_, _supra_, after an administrative law judge found that Ramirez was not disabled:

> [Ramirez] requested that the Appeals Council review his case, and submitted to that body, inter alia, an additional report from his treating psychologist.  The Appeals Council declined to review the ALJ's decision, making it final.  Ramirez appealed to the district court, which granted summary judgment in favor of the Secretary.

8 F.3d at 1451.  As in this case, the Appeals Council denied Ramirez's request for review "after considering the case on the merits; [and] examining the entire record, including additional material."  _Id._ at 1452.  In language nearly identical to the Appeals Council's language in this case, the Appeals Council in _Ramirez_ concluded that "the ALJ's decision was proper and that the additional material [presented to the Appeals Council] failed to 'provide a basis for changing the hearing decision.'"[7]  _Id._  Given that the Commissioner did not contend that the additional evidence should not have been considered by the Appeals Council and the fact that the Appeals Council actually did consider such additional evidence, the Ninth Circuit concluded that it was proper to consider on federal court review "both the ALJ's decision and the additional material submitted to the Appeals Council."  _Id._ (_citing_ Bates v. Sullivan, 894 F.2d 1059, 1063-64 (9th Cir. 1990), and 20 C.F.R. § 404.970(b)).

---

[7]   In denying plaintiff's request for review, the Appeals Council similarly stated that the additional evidence "does not provide a basis for changing the Administrative Law Judge's decision."  (A.R. 1-2.)

In <u>Bates</u>, the Ninth Circuit observed that:

> Social Security regulations provide that where new and
> material evidence is submitted to the Appeals Council with the
> request for review, the entire record will be evaluated and
> review of the ALJ's decision will be granted where the Appeals
> Council finds that the ALJ's action, finding, or conclusion is
> contrary to the weight of the evidence currently of record.
> 20 C.F.R. § 404.970.  The Appeals Council shall consider any
> new and material evidence only where it relates to the period
> on or before the date of the ALJ's decision.  *Id.*

<u>Bates</u>, 894 F.2d at 1064.  20 C.F.R. § 404.970(b) provides that:

> If new and material evidence is submitted, the Appeals Council
> shall consider the additional evidence only where it relates
> to the period on or before the date of the administrative law
> judge hearing decision.  The Appeals Council shall evaluate
> the entire record including the new and material evidence
> submitted if it relates to the period on or before the date of
> the administrative law judge hearing decision.  It will then
> review the case if it finds that the administrative law
> judge's action, findings, or conclusion is contrary to the
> weight of the evidence currently of record.

In <u>Bates</u>, the Ninth Circuit concluded that the Appeals Council did
not err in rejecting a psychiatric opinion submitted for the first time
in connection with the request for review, because the two reasons the

10

1    Appeals Council cited for rejecting the opinion were correct.  First,
2    the psychiatrist who authored the new opinion was not contacted until
3    *after* the adverse ALJ decision in issue and several years after the
4    disability period in issue concluded.   His opinion, thus, was not
5    relevant to the period of disability.   Second, the psychiatrist's
6    opinion was inconsistent with the medical evidence of record pertinent
7    to the period of disability.  <u>Bates</u>, 894 F.2d at 1064.  In <u>Ramirez</u>, the
8    Ninth Circuit reviewed the validity of an Appeals Council denial of a
9    request for review by considering not only the evidence presented to the
10   ALJ but also the additional evidence presented only to the Appeals
11   Council.  8 F.3d at 1454.   In short, in both published decisions, the
12   Ninth Circuit expressly considered additional evidence submitted to and
13   considered by the Appeals Council, notwithstanding that review had been
14   denied by the Appeals Council.   Regardless of the unpublished <u>Angst</u>
15   concurrence, <u>Ramirez</u> and <u>Bates</u> establish that, in the Ninth Circuit,
16   courts will review the propriety of the Appeals Council's action with
17   respect evidence newly submitted to it.

18

19        The Commissioner argues further that this Court's review is
20   foreclosed, because under 42 U.S.C. § 405(g), a federal court may order
21   an administrative law judge to consider evidence newly presented to the
22   Appeals Council only if such new evidence is material and good cause has
23   been shown for the failure to present it to the administrative law judge
24   prior to his or her decision.   The Commissioner emphasizes that
25   plaintiff has offered no reason for her failure to timely submit Dr.
26   Steiger's opinion to the ALJ and argues, therefore, that she has not
27   satisfied Section 405(g).   The Commissioner's argument misapprehends
28   both the law and the issue under review here.

                                    11

1    Plaintiff is not alleging a claim based on error by the ALJ;
2    rather, plaintiff contends that the Appeals Council erred in summarily
3    rejecting Dr. Steiger's opinion without articulating any reason for
4    doing so.   Thus, the Court must assess the propriety of the Appeals
5    Council's action under 20 C.F.R. § 404.970(b).   Section 404.970(b) --
6    on which the Ninth Circuit relied in <u>Bates</u> and <u>Ramirez</u> -- does not
7    impose the "good cause" requirement of Section 405(g) on the actions of
8    the Appeals Council.   While Section 404.970(b) dictates the proper
9    procedure for the Appeals Council to follow in deciding whether to
10   review a case in the light of the submission of new evidence, Section
11   405(g) -- which, unlike the aforementioned regulation, requires a
12   showing of "good cause" for the belated submission of new evidence --
13   governs "judicial review" of new evidence *submitted for the first time*
14   *to the district court*.   Section 405(g) does not provide the standard for
15   assessing the propriety of the actions undertaken by the Appeals Council
16   with respect to new evidence.   *See* <u>Booz v. Sec'y of Health and Human</u>
17   <u>Servs.</u>, 734 F.2d 1378, 1380 (9th Cir. 1983)(applying Section 405(g) to
18   a submission of new evidence to the district court, not to the Appeals
19   Council); *see also* <u>Clem v. Sullivan</u>, 894 F.2d 328, 332 (9th Cir.
20   1990)(applying Section 405(g) in connection with a submission of new
21   evidence to the district court).   This Court is disinclined to
22   superimpose the "good cause" requirement of Section 405(g) onto the
23   Appeals Council's review of new evidence pursuant to Section 404.970(b).[8]

24

25   [8]    In <u>Mayes v. Massanari</u>, 276 F.3d 453, 461 fn. 3 (9th Cir. 2001), the
26   Ninth Circuit stated, in dicta, that "*Ramirez* does not address whether
     submissions to the Appeals Council are or are not subject to the good
     cause requirement [of 405(g)]."   In fact, in <u>Ramirez</u>, "the government
27   [did] not contend that the Appeals Council should not have considered
     the additional report submitted after the hearing, or that [the court]
28   should not consider it on appeal."   8 F.3d at 1451-52.

B.   <u>The Appeals Council's Summary Rejection Of Dr. Steiger's Opinion Was Improper</u>.

The Commissioner argues that Dr. Steiger's opinion properly may be disregarded, because substantial evidence supports the ALJ's decision and the ALJ is responsible for resolving conflicts in the medical opinion evidence.   (Joint Stip. at 12.)   The Commissioner, thus, implicitly acknowledges that Dr. Steiger's opinion materially differed from that of the non-examining state agency physicians on which the ALJ relied, yet fails to acknowledge the import of that variance in opinion.

The Ninth Circuit has repeatedly set forth the standards governing the weight to be accorded the opinions of treating physicians versus examining physicians versus non-examining physicians when conflicts in the medical evidence exist.   *See, e.g.,* <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1202 (9th Cir. 2001).   It is well-established that the Commissioner should give more weight to treating and examining physicians' opinions than to those of non-examining physicians.   *See* <u>Andrews</u>, 53 F.3d at 1040-41 (explaining that more weight is given to opinions of treating and examining physicians because they have greater opportunity to know and observe patient); *see also* <u>Lester v. Chester</u>, 81 F.3d 821, 831-32 (9th Cir. 1995)(stating that if a physician does not examine plaintiff, his opinion, based only on documentary history and objective laboratory tests cannot, standing alone, be afforded substantial weight).   The Ninth Circuit has made clear that, with respect to examining physicians such as Dr. Steiger, the "Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician. . . .   [T]he opinion

13

of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Widmark</u>, 454 F.3d at 1066 (*quoting* <u>Lester</u>, 81 F.3d at 830-31).

The Commissioner's argument ignores these governing rules. Assuming -- as plaintiff argues and the Commissioner implicitly admits -- that Dr. Steiger's opinion contradicted that of the state agency physician with respect to plaintiff's functional limitations and, thus, her RFC, the Commissioner was required to articulate specific and legitimate reasons, supported by substantial evidence of record, for disregarding Dr. Steiger's examining physician opinion and deferring, instead, to the non-examining state agency physician's opinion adopted by the ALJ.  The Appeals Council plainly failed to meets its obligation. While the Appeals Council stated that it had considered Dr. Steiger's opinion, it then summarily rejected it by cursorily stating that the opinion did not "provide a basis for changing the Administrative Law Judge's decision." (A.R. 2.)  This conclusory rejection of an examining physician's opinion, without articulating any reason for its rejection in favor of the state agency reviewing physician opinion on which the ALJ relied, is contrary to the foregoing well-established rules and constitutes reversible error.

**II.  <u>Remand Is Required</u>.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no

useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.; see also* Benecke v. McCarthy, 379 F.3d 587, 593 (9th Cir. 2004)(discussing the requirements for ordering an immediate payment of benefits rather than a remand for further proceedings). Here, there are outstanding issues that must be resolved before a determination regarding plaintiff's claimed disability can be made.

When the Commissioner improperly rejects an examining physician's opinion, that opinion is credited "as a matter of law." Lester, 81 F.3d at 834 (*quoting* Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989) (citations omitted). Consequently, Dr. Steiger's opinion must be credited. Plaintiff does not contend that, even if Dr. Steiger's opinion is credited, there are no outstanding issues that must be resolved before a determination of disability can be made. Remand is appropriate here to permit the Commissioner to assess the effect of Dr. Steiger's opinion on plaintiff's claim of disability.

On remand, the Commissioner must conduct such further administrative proceedings as are necessary to determine the effect of Dr. Steiger's opinion on plaintiff's RFC and her ability to perform her

1    past relevant work or any other work.  The Court expresses no opinion on

2    whether that assessment should occur at the Appeals Council level or

3    whether the matter should be remanded to the ALJ.[9]

4

5                                **CONCLUSION**

6

7        Accordingly, for the reasons stated above, IT IS ORDERED that the

8    decision of the Commissioner is REVERSED, and this case is REMANDED for

9    further proceedings consistent with this Memorandum Opinion and Order.

10

11       IT IS FURTHER ORDERED that the Clerk of the Court shall serve

12   copies of this Memorandum Opinion and Order and the Judgment on counsel

13   for plaintiff and for defendant.

14

15       **LET JUDGMENT BE ENTERED ACCORDINGLY.**

16

17   DATED: September 7, 2010

18                                      _Margaret A. Nagle_
                                        _____
19                                          MARGARET A. NAGLE
                                        UNITED STATES MAGISTRATE JUDGE

20   _____
       [9]    Crediting the opinion of Dr. Steiger as true, the hypothetical
21   posed to the vocational expert was incomplete, because it did not
     included the limitations specified by Dr. Steiger.  A hypothetical must
22   "consider all of the claimant's limitations" that are supported by
     substantial evidence.  <u>Andrews</u>, 53 F.3d at 1044.   Thus, should the
23   Appeals Council elect to remand this matter to the ALJ, the ALJ must
     take Dr. Steiger's opinion into consideration when structuring the
24   hypothetical posed to the vocational expert to determine if plaintiff
     can perform her past relevant work or any other work.
25
         Additionally, the record is inconsistent regarding when plaintiff
26   actually performed the in-home care provider work that the ALJ
     referenced in his determination concerning plaintiff's performance of
27   substantial gainful activity.  To fully and fairly develop the record,
     this inconsistency also should be resolved if the matter is remanded to
28   the ALJ.  <i>See</i> <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001).